# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

CRAIG F. BROWN, )
)
        Plaintiff, )
) Civil Action No. 4:14 CV 7
   v. )
)
STATE OF INDIANA, *et al.*, )
)
        Defendants. )

## OPINION AND ORDER

Craig F. Brown, a *pro se* plaintiff, filed an *in forma pauperis* petition [DE 2] and a complaint pursuant to 42 U.S.C. § 1983 [DE 1]. Brown has also filed an amended complaint [DE 4]. Brown brings this case against all Indiana state court judges, the state of Indiana, and "[a]ll Indiana Courthouses and Individual Courts therein" [DE 1 at 2]. Essentially, Brown is challenging Indiana's Title IV-D program and the Indiana courts' administration of child support and custody cases. He alleges that any court ordering a parent to be "non-custodial" is a "forced absence" that should thus exempt the parent from payment of child support [DE 1 at 2-3]; that such orders are "state sanctioned kidnapping [DE 1 at 3]; and that judges who order "a parent to become absent" commit fraud [DE 1 at 4]. In addition to seeking "judicial notice" of the above, Brown requests that every Indiana judge be ordered to cease and desist from ordering parents to be "non-custodial" and instead, that joint custody be available to any parent who so wishes [DE 1 at 4-5]; that all parents incarcerated for back payment of child support be immediately released from jail [DE 1 at 5]; that all non-custodial parents be reimbursed all child support dollars paid and all back child support balances be zeroed [*Id.*]; that formerly non-custodial parents be given full custody for the period of time for which they were not permitted custody of their children [*Id.*]; reimbursement for all court-

ordered classes and supervised visits [DE 1 at 6]; repayment by the State of Indiana of "everything they have defrauded out of the American Citizen's Social Security Pension retroactive to 1974 by 'Ordering a Parent to become absent" [*Id.*]; payment to all incarcerated parents at the rate of $1,000 per minute of incarceration, and the same to all parents for every minute they were deprived of custody of their children [*Id.*]; and finally, for Brown himself to be placed at the front of any waiting lines for collection of these payments [*Id.*].

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In addition to his complaint, Brown has filed an amended complaint, which contains wholly new allegations that are specific to his case: he names the same defendants, but indicates that after the filing of his complaint, he "became aware of the term 'Substantive Due Process'" and wished to include such a claim as "further argument" [DE 4 at 2]. The amendment claims that Tippecanoe County Superior Court 5 Judge Les Meade "FABRICATED AND TRUMPED UP CHARGES AGAINST Plaintiff . . . violated his own orders," "ILLEGALLY CONDUCTED HIS OWN INVESTIGATION," "applied THREE INAPPLICABLE CASE LAWS," and sentenced Brown to thirty days in jail for the "CRIME" of taking his daughter out of the state without prior approval [DE 4 at 2]. Without making specific allegations regarding their actions, Brown also names Judges

"Katz" and "Busch" as having some dealings with him [DE 4 at 4]. He requests that Busch and Meade be impeached and "also do JAIL TIME" [DE 4 at 7].

In this case, Brown's complaint must be dismissed. A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). When these Indiana judges issued rulings regarding child support, custody, or other related matters, they were acting on matters within the jurisdiction of their courts. Therefore they are immune from suit and must be dismissed. To the extent that "Indiana courthouses and courts therein" are separate and distinct from the judges themselves, they are buildings and cannot be sued, so any action against them is frivolous. Similarly, the State of Indiana is an improper entity, as states are generally immune from suit under the Eleventh Amendment – including claims for monetary relief for payments already made, declaratory relief, and injunctive relief. *Darne v. State of Wis. Dep't. Of Rev.,* 137 F.3d 484, 487-88 (7th Cir. 1998).

Moreover, given that it is impossible that all of the judges of Indiana could have issued rulings against Brown, and to the extent that his allegations raise the claims of other parents who have been deprived of custody of their children or ordered to pay child support, he is barred from bringing a class action as a *pro se* plaintiff. *Huddleson v. Duckworth*, 137 F.R.D. 484, 487-88 (7th Cir. 1983).

For the foregoing reasons, the *in forma pauperis* petition is denied and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**.
ENTERED: March 13, 2014

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT